# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ROBERT JOHN HOULIHAN and
ANN MARIE HOULIHAN,

                                                                3:18cv184 (WWE)

    v.

SAFECO INSURANCE COMPANY
OF AMERICA, and AMERICAN
COMMERCE INSURANCE CO.

## RULING ON MOTION TO DISMISS

In this action, plaintiffs Robert and Ann Marie Houlihan challenge the defendants Safeco Insurance Company of America and American Commerce Insurance Co.'s failure to provide coverage for the damage to basement walls of their home. Plaintiffs allege breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") against each defendant. Defendant American Commerce Insurance has filed a motion to dismiss relative to counts three and four. For the following reasons, the Court will grant the motion to dismiss.

## FACTUAL BACKGROUND

For purposes of ruling on this motion to dismiss, the Court assumes that all of the factual allegations in the complaint are true. The Court also includes facts concerning the insurance policies that plaintiff did not attach

1

but that are integral to the complaint.[1]

Plaintiffs own and occupy a home in South Windsor, Connecticut that was built in 1985. Between 1994 and 2013, plaintiffs insured the home with a policy issued by Safeco and its predecessor in interest. Since 2013, plaintiffs have insured the property with defendant American Commerce Insurance.

In late January 2017, plaintiffs hired a professional engineer who inspected the basement walls of their home. He discovered that their home was constructed with defective concrete and that the basement walls had "pattern cracking" caused by a chemical compound used in the late 1980s and 1990s. Plaintiffs allege that the concrete basement walls of the home are in a state of collapse. However, they also allege that they are currently occupying the home. They do not allege that their home or any part of it has fallen down or caved in.

Plaintiffs requested coverage from American Commerce Insurance for the damage caused by the condition of the basement walls. By letter dated December 11, 2017, defendant American Commerce Insurance

---

[1] See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

denied the coverage request from plaintiffs.

## American Commerce Insurance Policy

The American Commerce Insurance policy was issued to plaintiffs for their home commencing June 4, 2013. The policy has been renewed annually since that time.

The policy insured against risk of direct physical loss but excluded loss "[i]nvolving collapse" (except as provided for in the Additional Coverages provision) caused by "[f]reezing, thawing, pressure or weight of water or ice, … to a … footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building, or other structure." It also excluded loss from wear and tear, deterioration, latent defect, and "[s]ettling, shrinking, bulging or expansion, including resultant cracking, of … footings, foundations, floors, roofs or ceilings."

In the additional coverage provision, the policy defines "collapse" as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its current intended purpose." It specifies further that a "building or any part of a building that is in danger of falling down or caving in is not considered to be in a state of collapse[;]" that a "part of a building that is

3

standing is not considered to be in a state of collapse even if it has separated from another part of the building[;]" and that a "building or any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion."

## **DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs maintain that the policy provides coverage for a state of collapse and that defendant American Commerce Insurance has breached its contract. Plaintiffs argue that the words "abrupt," "collapse" and phrase "occupied for its current intended purpose" are ambiguous.

Defendant attacks plaintiffs' coverage claim, arguing that the collapse provision requires an abrupt collapse, and that plaintiffs' damage is further excluded by other policy provisions.

Insurance contracts are to be interpreted according to the same rules that govern the construction of written contracts. Great Lakes Reinsurance (UK), PLC v. JDCA, LLC, 2014 WL 6633039, at *8 (D. Conn. Nov. 21, 2014). Insurance policy words must be accorded their ordinary and natural meaning, and any ambiguity in the terms of the policy must be construed in favor of the insured. Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 542 (1996). "The determinative question is the intent of the parties," as disclosed by the policy terms viewed in their entirety. Community Action for Greater Middlesex County, Inc. v. American Alliance Insurance Co., 254 Conn. 387, 399 (2000). The court must "look at the contract as a whole, consider all relevant portions together and, if possible, give operative effect to every provision in order to reach a reasonable

overall result." O'Brien v. U.S. Fid. & Guar. Co., 235 Conn. 837, 843 (1996).

In interpreting contract terms, "provisions in insurance contracts must be construed as laymen would understand [them] and not according to the interpretation of sophisticated underwriters...." Vt. Mut. Ins. Co. v. Walukiewicz, 290 Conn. 582, 592 (2009). "[T]he policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." Id.

In considering policy language relevant to coverage for cracking in basement concrete, the Second Circuit held that it would unreasonable to construe as ambiguous the phrase excluding loss "directly and immediately caused by, one or more of the perils"  The Court reasoned that the immediately adjacent language—"regardless of whether the loss occurs, suddenly or gradually"—clarified that that "an alternative interpretation favoring the insured is not the meaning of the Policy." Kim v. State Farm Fire and Casualty Ins. Co., 2018 WL 4847195, at *2 (Oct. 5, 2018); see also Halloran v. Harleysville Preferred Ins. Co., 2018 WL 5840031, at *13-14 (Oct. 18, 2018).

Here, the policy's additional coverage provision defines a collapse

as "an abrupt falling down or caving in of a building;" the terms immediately following this definition clarify that neither a building "in danger of falling down or caving in" nor a building that is still "standing" but "shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion" is considered to be in a state of collapse.  Accordingly, in light of such clarification, it would be unreasonable to construe the policy language as ambiguous relevant to coverage of plaintiff's dwelling, which is alleged to be still standing and even occupied by plaintiffs.  The Court will grant the motion to dismiss as to count three, the breach of contract against American Commerce Insurance.

CUIPA/CUTPA

Plaintiffs have also alleged violation of CUIPA/CUTPA based on a bad faith denial of their claim.  Plaintiffs assert that defendant American Commerce insurance provided a knowingly false and misleading reason for the denial of coverage.  Here, the Court has found that defendant properly interpreted the contract.  Accordingly, the claim that defendant violated CUIPA/CUTPA based on its bad faith denial of coverage must fail.  See Halloran, 2018 WL 5840031, at *17.  The Court will grant the motion to dismiss as to count four, the CUIPA/CUTPA claim against American

Commerce Insurance due to its dismissal of the breach of contract.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. #27] is GRANTED. Within ten days, plaintiff is instructed to file an amended complaint that removes the counts alleged against defendant American Commerce Insurance.

Dated this 9th day of November 2018 at Bridgeport, Connecticut.


/s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge